UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 04-CV-1101 (JFB) (WDW)

---

DAVID MCANANEY, CAROLYN MCANANEY,
JOHN REILLY, CONSTANCE REILLY,
PHILIP RUSSO, AND CYNTHIA RUSSO,

Plaintiffs,

VERSUS

ASTORIA FINANCIAL CORP., ASTORIA FEDERAL SAVINGS
& LOAN ASSOC., ASTORIA FEDERAL MORTGAGE CORP.,
LONG ISLAND BANCORP, INC., AND LONG ISLAND
SAVINGS BANK, FSB,

Defendants.

---

MEMORANDUM AND ORDER
September 19, 2006

---

JOSEPH F. BIANCO, District Judge:

Plaintiffs bring this class action against various financial institutions alleging violations of the Truth in Lending Act ("TILA"), state consumer protection statutes, and common law fraud and unjust enrichment. Before the Court is plaintiffs' motion pursuant to Fed. R. Civ. P. 23 to certify a class. For the reasons that follow, the motion is granted.

I. BACKGROUND AND PROCEDURAL HISTORY

A. BACKGROUND

The underlying facts giving rise to this litigation as alleged in the second amended complaint are comprehensively described by Judge Spatt in a prior decision ("*McAnaney I*"), and they are not repeated herein. *See Mcananey v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 581-82 (E.D.N.Y. 2005). The facts as alleged in the second amended complaint relevant to this motion that are not discussed in *McAnaney I* are described as follows:

### 1. Proposed Representative Plaintiffs

#### a. David McAnaney and Carol McAnaney

Proposed representative plaintiffs David McAnaney and Carol McAnaney are retired public school educators, and residents of New York. They allegedly obtained two mortgage loans from defendant Long Island Savings Bank that were prepaid during the class period, a fixed rate loan obtained in 1993, and an adjustable rate loan obtained in 1984. For both loans, the mortgage agreements and pre-origination disclosure statements allegedly represented that the McAnaney's would not be charged any prepayment penalties or fees to discharge their loans. The loans were eventually sold and, in 1998, Astoria Federal Savings and Loan ("Astoria Federal") began servicing the McAnaney's loans. On November 18, 2002, Astoria Federal sent payoff letters to the McAnaneys, and allegedly demanded various fees, including an "Atty Doc Prep Fee," a "Facsimile Fee," and a "Recording Fee."

#### b. John Reilly and Constance Reilly

Proposed representative plaintiffs John Reilly, a retired member of the New York City Police Department, and Constance Reilly, a legal secretary, are former New York residents who currently reside in Florida. They allegedly obtained a fixed-rate mortgage loan from Astoria Federal in 2002. The mortgage agreements and pre-origination disclosure statements allegedly represented that the Reilly's would not be charged any prepayment penalties or fees to discharge their loan. On April 19, 2004, Astoria Federal sent a payoff letter to the Reillys, allegedly demanding various fees including an "Atty Doc Prep Fee," a "Facsimile Fee," and a "Recording Fee."

#### c. Philip Russo and Cynthia Russo

Proposed representative plaintiffs Philip Russo, who is a retired insurance manager, and Cynthia Russo, a registered nurse and nursing home administrator, are former New York residents who currently reside in Florida. They allegedly obtained two loans, one from Long Island Savings Bank, and one from Astoria Federal. For both loans, the mortgage agreements and pre-origination disclosure statements allegedly represented that the Russo's would not be charged any prepayment penalties or fees to discharge their loans. On June 2, 2004, Astoria Federal sent payoff letters to the Russos, and allegedly demanded various fees, including an "Atty Doc Prep Fee," a "Facsimile Fee," a "Recording Fee," a "Satisfaction Fee," and a "County Clerk Fee."

### 2. The Agreements and Pre-Loan Origination Disclosures

Defendants allegedly use uniform notes and mortgages drafted by Fannie Mae and Freddie Mac to originate their mortgages. The language in some of the agreements is different, but each of the agreements allegedly convey that there will be no prepayment penalties or fees. In addition, the pre-loan-origination statements allegedly did not disclose the disputed fees as finance charges or pre-payment penalties.

## B. PROCEDURAL HISTORY

Plaintiffs' commenced this class action on March 16, 2004. The case was assigned to the Honorable Arthur D. Spatt. On July 16, 2004, plaintiffs' filed an amended complaint. Thereafter, defendants moved to dismiss. The motion was granted in part, and denied in part, and the parties were directed to proceed with discovery. Plaintiffs, with leave of the Court,

filed a second amended class action complaint, adding certain state law claims, on November 8, 2005. On March 31, 2006, this case was reassigned to this Court. Thereafter, plaintiffs moved to certify a class. Oral argument was held on July 20, 2006.

II. DISCUSSION

Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(2) and (b)(3) of the following class:

> All consumers or borrowers in the United States who had or currently have a mortgage or residential loan originated or purchased by any of the defendants and who wrongfully paid or will be demanded to pay closing fees, satisfaction fees, discharge fees, prepayment fees (or penalties), refinance fees (or penalties), attorney document preparation fees, facsimile fees, recording fees and any other fees, charges, false debts or finance charges in contravention of their mortgage or loan contracts or applicable laws (the "Class").

Defendants object to the proposed Class, arguing that it is overbroad and unidentifiable, that the proposed named plaintiffs' claims are not typical, and that the named plaintiffs are inadequate class representatives.

Courts have routinely certified classes in TILA cases brought against mortgage companies, indeed, the text of the statute addresses the use of class actions as a remedy. *See* 15 U.S.C. § 1640(a); *Weil v. Long Island Sav. Bank*, 200 F.R.D. 164 (E.D.N.Y. 2001); (*see also* Pl.'s Mem. at 14-15 (citing TILA cases certified as class actions)). The Court concludes that, because plaintiffs have met the requirements of Fed. R. Civ. P. 23(a), the motion for class certification is granted.

A. APPLICABLE LAW

Rule 23(a) of the Federal Rules of Civil Procedure sets forth a four part test for certifying a class: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4).

In seeking class certification, plaintiffs must first demonstrate that all of the requirements of Fed. R. Civ. P. 23(a) have been satisfied. *See Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982); *In re VISA Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001); *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999); *Weil v. Long Island Savings Bank, FSB*, 200 F.R.D. 164, 168 (E.D.N.Y. 2001); *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 238 (E.D.N.Y. 1998). Second, plaintiffs must show that the putative class falls within one of the three categories set forth in Rule 23(b). *In re VISA Check/Mastermoney*, 280 F.3d at 133. Plaintiffs here seek certification under Rule 23(b)(2) and (3).

When applying Rule 23, courts should accept all allegations in the complaint as true. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 58 (2d Cir. 2000); *Maywalt v. Parker & Parsley Petroleum Co.*, 147 F.R.D. 51, 54 (S.D.N.Y. 1993) (citing *Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 n.15 (2d Cir.

3

1978)). The merits of the plaintiffs' claims, however, should not be part of the inquiry as to whether class certification is warranted. *Maywalt*, 147 F.R.D. at 54. Although the requirements of Rule 23 are liberally construed, *In re Playmobil*, 35 F. Supp. 2d at 239, a court should only certify a class if it "is satisfied, after a rigorous analysis" that the requirements of Rule 23 have been met. *Monaco v. Stone*, 187 F.R.D. 50, 59 (E.D.N.Y. 1999) (quoting *Gen. Tel. Co. of Southwest*, 457 U.S. at 161).

1. NUMEROSITY

To satisfy the requirement that the proposed class be "so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23, the plaintiffs are not required to provide the Court with the exact class size or the identity of the class members. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Nor are they required to show that joinder is impossible. *Id.* When considering whether joinder is practicable, courts should look at factors such as "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members." *Id.* at 936.

Defendants do not contest that this requirement is met. Indeed, plaintiffs allege that tens of thousands of consumers throughout the United States paid the fees that are in dispute. Numerosity, therefore, is easily satisfied.[1] *See Consol. Rail. Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (affirming a class of 300 individuals and noting that "numerosity is presumed at a level of forty members").

2. COMMON QUESTIONS OF LAW & FACT

A single common issue of law will satisfy the commonality requirement. *Monaco*, 187 F.R.D. at 61. A common issue of law will be found if plaintiffs "identify some unifying thread among the members' claims . . . ." *Id.* A court may find a common issue of law even though there exists "some factual variation among class members' specific grievances . . . ." *In re Playmobil*, 35 F. Supp. 2d at 240.

Plaintiffs allege that there are questions of law and fact that are common to the entire class, including, *inter alia*, (1) whether defendants violated TILA, (2) the various New York consumer protection statutes, (3) whether defendants did so willfully, and (4) the appropriate level of damages and/or injunctive relief. *See Weil*, 200 F.R.D. at 169. Although defendants focus most of their objections on typicality and adequacy of proposed class representatives, defendants do argue that the class, as defined, fails to take into account that there are "dozens" of potential loan documents at issue. (*See* Opp. Mem. at 8.) Liability, defendants argue, will be based, in part, on the details of the various loan documents. The Court disagrees. Based on the allegations in the second amended complaint, each of these loan documents at issue are "uniform" to the extent they

---

[1] Although defendants do not object to plaintiffs' assertion that there are "tens of thousands" of potential class plaintiffs, they do object to the proposed class as being "overbroad" and "unidentifiable." (*See* Opp. Mem. at 7-9.) That objection is overruled. The seven-year time-frame proposed by plaintiffs is derived from defendants' testimony that identities of potential class-members could be confirmed going back seven years. *See Schneider v. Citicorp Mortgage, Inc.*, 324 F. Supp. 2d 372, 275 (E.D.N.Y. 2004). Therefore, defendants have testified that they can identify potential Class members going back seven years. Such a proposed Class is not "overbroad" and "unidentifiable."

4

allegedly convey that there will be no prepayment penalties or fees. *See Playmobil*, 35 F. Supp. 2d at 240 (holding that common issues of law exist even if there exists "some factual *variation* among class members' specific grievances"). Therefore, there is a common fact, at least as alleged, notwithstanding that the forms or specific wording within such forms vary within the different loan documentation. *Caridad*, 191 F.3d at 291. The Court finds that plaintiffs have sufficiently alleged common questions of law and fact.

### 3. TYPICALITY

Plaintiffs' claims must be typical of the class. Fed. R. Civ. P. 23(a)(3). This requirement is satisfied if plaintiffs show that "the representative plaintiff's claims are based on the same legal theory and arise from the same practice or course of conduct as the other class members." *In re Playmobil*, 35 F. Supp. 2d at 241.

Defendants argue that the representative plaintiffs' claims are factually distinguishable from the rest of the proposed class. In particular, defendants contend that the Court will be forced to conduct several "mini-trials" to resolve unique defenses of certain of the representative plaintiffs. In particular, defendants argue that (1) certain of the proposed class representatives' claims are time-barred, (2) because Astoria Federal refunded certain fees within sixty days of determining they were not to be charged, there is no liability under 15 U.S.C. § 1640(b), and (3) none of the class plaintiffs' loans are subject to HOEPA. (*See* Opp. Mem. at 11-14.)

Defendants contentions are rejected. First, on a motion for class certification, the Court must accept as true the allegations in the complaint. As Judge Spatt previously held, the complaint, as alleged, "sufficiently alleges that Defendants have engaged in fraudulent, misleading, and deceptive efforts to conceal the true nature of their conduct," and this conduct, if proven, tolls the statute of limitations. *McAnaney I*, 357 F. Supp. 2d at 587. Indeed, the second amended complaint sufficiently alleges that defendants' fraudulent concealment tolls not only the named plaintiffs' claims, but also claims of the proposed class members. *See* Eisen, 417 U.S. at 177-78. Similarly, although TILA does provide for a safe harbor subject to various requirements, whether defendants met these requirements is not an issue that is relevant to the issue of class certification. *See McAnaney I*, 357 F. Supp. 2d at 585-87 (refusing to dismiss TILA claims on a motion to dismiss when defendants claim they refunded some of the money to plaintiffs); *Nat'l Law Center on Homelessness & Poverty, R.I. v. New York*, 224 F.R.D. 314, 321 (E.D.N.Y. 2004) ("Whether the plaintiffs have stated a cause of action or will prevail on the merits is not a consideration for resolution on a motion for class certification."). Finally, whether a particular class member is entitled to damages, and the amount of such damages, is not dispositive to this motion for class certification. *Coco v. Inc. Vill. of Belle Terre*, 233 F.R.D. 109, 114 (E.D.N.Y. 2005) ("That some factual differences between class members may exist does not defeat the commonality requirement."); *Playmobil*, 35 F. Supp. 2d at 240. The question for the Court, at this stage, is whether "the named plaintiff's claim and the class claim are so inter-related that the interest of the class members will be fairly and adequately protected in their absence." *Caridad*, 191 F.3d at 291 (nothing that commonality and typicality "tend to merge"). Based on the allegations in the second amended complaint, the claims of the proposed class

representatives are inter-related and common issues of law and fact exist between the proposed class representatives and the rest of the proposed class. *See Playmobil*, 35 F. Supp. 2d at 240. Hence, the Court concludes that the class representatives' claims are typical of the Class and this requirement is met. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995) ("The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff."); *Robidoux*, 987 F.2d at 936 ; *In re Oxford Health Plans, Inc., Sec. Litig.*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000).

### 4. ADEQUACY OF REPRESENTATION

To meet the burden of showing adequate representation, the plaintiffs must establish two elements. Specifically, they must show that the chosen class representatives will fairly and adequately represent the interests of the remaining class members and that class counsel is "qualified, experienced, and generally able to conduct the litigation." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (quoting *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

Defendants do not dispute the qualifications of class counsel. Based on this Court's review of the filings in this case, as well as the conduct of plaintiffs' counsel during discovery and at oral argument, the Court finds that plaintiffs' counsel can and will devote the appropriate resources to this case, and see it through to the best possible resolution for the Class members. Hence, the Court approves Whalen & Tusa, P.C., and G. Olver Koppell & Associates, as class counsel.

Defendants do object to the proposed class representatives. Defendants contend that based on the "unique" defenses posed by certain proposed class representatives, as well as the representatives apparent lack of knowledge and interest in this case, that the proposed class representatives cannot and/or will not adequately represent the class. The Court rejects defendants' arguments. Defendants point to certain sections of proposed class representatives' deposition testimony as evidence of a lack of knowledge of the case. (*See* Opp. Mem. at 15-21.) After a careful review of the relevant testimony, in its entirety, the Court concludes that the proposed class representatives will adequately represent the Class. The Second Circuit requires a class representative to understand the subject of the class action, but allows that class representative to rely on class counsel's expertise for litigating the case. *See Baffa v. Donaldson*, 222 F.3d 52, 62 (2d Cir. 2000); *see also In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 356 (S.D.N.Y. 2002) (noting that a proposed class representative meets qualifications as such when he understands "the basic nature of the lawsuit, and, while he does not grasp the nuances of a class action, his interests are clearly aligned with the class members whom he represents"); *Playmobil*, 35 F. Supp. 2d at 242 ("Courts do not require the representative plaintiff to be the best of all possible plaintiffs or to be especially knowledgeable, intelligent, or possessing a detailed understanding of the legal or factual basis on which a class action can be maintained."); *accord Uniondale Beer Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 340, 343-44 (E.D.N.Y. 1987); *Michaels v. Ambassador Group, Inc.*, 110 F.R.D. 84, 90 (E.D.N.Y. 1986). Thus, the Court concludes that the proposed class representatives will adequately represent the Class.

### 5. CLASS CERTIFICATION UNDER FED. R. CIV. P. 23(B)(2) AND (B)(3)

Defendants argue that, even if this Court certifies a class under Fed. R. Civ. 23(b)(2), it should deny plaintiffs' motion to certify a class under Fed. R. Civ. P. 23(b)(3), arguing that the plaintiffs are not entitled to injunctive relief. (*See* Opp. Mem. at 24-26.) The Court rejects defendants' arguments. The second amended complaint requests, *inter alia*, injunctive, equitable, and declaratory relief directing defendants to cease their alleged practice of collecting undisclosed and unlawful fees. (*See* Second Amend. Compl. ¶¶ 10, 133, Prayer for Relief 4-6.) As noted by plaintiffs, the Second Circuit has held it appropriate to simultaneously certify a class under Fed. R. Civ. P. 23(b)(2) and (b)(3). *See Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 164 (2d Cir. 2001); *Coco*, 233 F.R.D. at 115. Based on the allegations in the second amended complaint, the Court finds sufficient basis to certify the Class under Fed. R. Civ. P. 23(b)(3).

### III. CONCLUSION

For the reasons set forth above, plaintiffs' motion for class certification is GRANTED. The Court certifies the following Class under Fed. R. Civ. P. 23(b)(2) and (b)(3):

> All consumers or borrowers in the United States who had or currently have a mortgage or residential loan originated or purchased by any of the defendants and who wrongfully paid or will be demanded to pay closing fees, satisfaction fees, discharge fees, prepayment fees (or penalties), refinance fees (or penalties), attorney document preparation fees, facsimile fees, recording fees and any other fees, charges, false debts or finance charges in contravention of their mortgage or loan contracts or applicable laws.

Excluded from the Class are defendants, their parents, subsidiaries, officers, directors, employees, partners, and co-venturers. The Court approves David Mcananey, Carolyn McAnaney, John Reilly, Constance Reilly, Philip Russo, and Cynthia Russo as designated class representatives. The Court further approves Whalen & Tusa, P.C., and G. Olver Koppell & Associates as designated class counsel. The parties are directed to submit a proposed Class Notice in accordance with this Memorandum and Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 19, 2006
Central Islip, NY

\* \* \*

Plaintiffs are represented by Joseph S. Tusa, Esq., and Paul C. Whalen, Esq, Whalen & Tusa, 90 Park Avenue, New York, New York 10016, and G. Oliver Koppell, Esq., G. Oliver Koppell & Associates, 99 Park Avenue, New York, New York 10016. Defendants are represented by Alfred M. J. Marks, Esq., Lisa Pepe Whittaker, Esq., Day, Berry & Howard LLP, 875 Third Avenue, New York, New York 10022.

7