IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID McANANEY, CAROLYN McANANEY, JOHN REILLY, CONSTANCE REILLY, PHILIP RUSSO, CYNTHIA RUSSO and GEOFFREY HORN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>ASTORIA FINANCIAL CORPORATION, ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, ASTORIA FEDERAL MORTAGE CORPORATION, LONG ISLAND BANCORP INC., and LONG ISLAND SAVINGS BANK, FSB,<br><br>Defendants. | Civil Action No. CV-04-1101<br><br>Hon. Joseph F. Bianco, USDJ<br>Hon. William D. Wall, USMJ |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT

This matter having come to the Court for hearing on the joint motion of Plaintiffs and Defendants for Preliminary Approval of the Stipulation and Agreement of Class Action Settlement, executed on July 30, 2010 (the "Stipulation") by Plaintiffs, individually and on behalf of the Class, and Defendants, and for related relief, including to establish a schedule with respect to a hearing to determine, by way of a Final Order and Judgment, whether the Settlement is fair, reasonable and adequate, and the Court after due deliberation and consideration of the Stipulation, the motion, supporting materials, and the record, for good cause shown, HEREBY ORDERS as follows:

1. **Defined Terms:** The terms that are capitalized in this Preliminary Approval Order shall have the meaning ascribed to those terms in the Stipulation, unless otherwise specified herein.

2. **Preliminary Approval of the Settlement:** The Settlement is sufficiently fair, reasonable and adequate and it is in the best interests of the Plaintiffs and the Class for the Court to hereby grant Preliminary Approval of the Stipulation and the Settlement and to order the distribution of the Notice Packet to the Class as described below.

3. **The Certified Class, Class Representatives and Class Counsel:** On September 19, 2006, the Court certified the Lawsuit as a class action and certified the following class (the "Class") of past and current residential borrowers of the Original Defendants under Fed. R. Civ. P. 23(b)(2) and 23(b)(3):

> All consumers or borrowers in the United States who had or currently have a mortgage or residential loan originated or purchased by any of the defendants and who wrongfully paid or will be demanded to pay closing fees, satisfaction fees, discharge fees, prepayment fees (or penalties), refinance fees (or penalties), attorney document preparation fees, facsimile fees, recording fees and any other fees, charges, false debts or finance charges in contravention of their mortgage or loan contracts or applicable laws.

*McAnaney v. Astoria Fin. Corp.*, 2006 U.S. Dist. LEXIS 66941 (E.D.N.Y. Sept. 19, 2006) (Docket No. 72). The Court designated Plaintiffs David McAnaney, Carol McAnaney, Philip Russo, Cynthia Russo, Constance Reilly and John Reilly[1] as representatives for the Class and their counsel, Whalen & Tusa, P.C. and Law Offices of G. Oliver Koppell & Associates, as counsel for the Class ("Class Counsel"). Plaintiff Geoffrey Horn was subsequently certified by

---

[1] During the pendency of this action Mr. Reilly died. Contemporaneous with the filing of the joint motion for preliminary approval of the Settlement, Plaintiffs filed an unopposed motion pursuant to Rule 25(a) to substitute his wife, Plaintiff and class representative Constance Reilly, as the representative for Mr. Reilly's estate.

the Court as an additional class representative (Docket No. 198). The Class is hereby certified for the Class Period beginning on March 16, 1998, six years from the date the Lawsuit was filed, and ending on July 30, 2010, the date that the Stipulation was executed. Excluded from the Class are any Class members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Preliminary Approval Order.

4. **Fairness Hearing:** A hearing to determine whether to give final approval to the Settlement (the "Fairness Hearing") is hereby scheduled to take place before the Court at 11:00 a.m., on January 6 ~~7~~, ~~2010~~ 2011, for the following purposes:

(a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate, and whether to enter the Final Order and Judgment, dismissing the Lawsuit on the merits and with prejudice, and to determine whether the Releases of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(b) to determine whether the application for attorneys' fees and the reimbursement of expenses submitted by Class Counsel (the "Fee and Expense Application") should be approved;

(c) to determine whether the application for incentive awards to the Plaintiffs and Class representatives should be approved;

(d) to determine whether the proposed plan of allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e) to consider any objections by Class members to the Settlement that comply with the requirements of this Preliminary Approval Order; and

(f)   to rule upon such other matters as the Court may deem necessary or appropriate.

The Court reserves the right to continue or adjourn the Fairness Hearing without any further notice other than an announcement (which may be made by docket entry) at or in advance of the Fairness Hearing and, specifically, without further notice to the Class. The Court further reserves the right to enter the Final Order and Judgment finally approving the Settlement and dismissing the Lawsuit on the merits and with prejudice regardless of whether it has approved the plan of allocation or awarded attorneys' fees and expenses.

5.   **Approval with Modifications:** The Court reserves the right to finally approve the Settlement at or after the Fairness Hearing with or without modification, as may be agreed upon by the Plaintiffs and Defendants, or their respective counsel, and without further notice to the Class.

6.   **Notice and Claims Process:** The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release Form, annexed to the Stipulation as Exhibits 3 & 5. The Court finds that the manner of providing notice, which includes mailing the Notice Packet by first class mail to each Class member at his or her last known address (as updated by the National Change of Address Database), with such mailing to be completed no later than thirty (30) business days after the entry of this Preliminary Approval Order as set forth in the Stipulation, searching for updated addresses for any Notice Packets returned as undeliverable, placing the Notice Packet on the Settlement Administrator's website, and having Class Counsel or the Settlement Administrator transmit the Notice over a national newswire, is the best practicable notice under the circumstances and, if carried out in conformity with this

Preliminary Approval Order, shall constitute due and sufficient notice of the Settlement under Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

Within the time provided in the Stipulation, Defendants are hereby authorized and directed to provide Class Counsel with a list of those persons who Defendants reasonably believe are members of the Class as provided in Paragraph 54 of the Stipulation, and Class Counsel is similarly authorized and directed to provide that list of Class members and accompanying information to the Settlement Administrator for the purpose of distributing the Notice Package to the Class and administering the Settlement. The Court finds that the disclosure by Defendants to Class Counsel and by Class Counsel to the Settlement Administrator of Class member information (including names, last-known addresses, loan numbers and social security numbers, to the extent known or available to the Defendants) is both reasonably necessary to provide notice to the Class and accomplish the notice distribution plan in conformity with Rule 23 of the Federal Rules of Civil Procedure and due process, and complies in all respects with the Graham-Leach-Bliley Act, 15 U.S.C. §6801 *et seq.*, and in particular 15 U.S.C. §6802, and any other applicable federal or state privacy laws.

In order to be eligible to receive a payment from the Net Common Settlement Fund, each Class member must complete and timely submit a valid Proof of Claim and Release Form to the Settlement Administrator during the Claims Period in any of the following ways: 1) by completing, certifying and mailing the Proof of Claim and Release Form included with the Notice to the Settlement Administrator; 2) by completing, certifying and sending by facsimile the Proof of Claim and Release Form included with the Notice to the Settlement Administrator; or 3)

by completing, certifying and electronically submitting the Proof of Claim and Release Form on the website maintained by the Settlement Administrator for this Settlement. The deadline for Class members who do not timely request exclusion from the Settlement to submit a Proof of Claim and Release Form to be eligible to receive a distribution of settlement monies as provided in Paragraph 64 of the Stipulation shall be sixty (60) calendar days from the initial mailing of the Notice Package by the Settlement Administrator (the "Claims Period").

    The amount of Disputed Fees paid by each Class member, based on Defendants' records and/or those of their loan servicer, Dovenmuehle Mortgage, Inc. ("DMI") provided to the Settlement Administrator by Class Counsel, shall be listed on the face of the Proof of Claim and Release Form mailed to each identified Class member and will be relied upon by the Settlement Administrator and Class Counsel to determine distributions from the Net Common Settlement Fund owed to each Settlement Claimant. To the extent any Settlement Claimant disagrees with the amount of Disputed Fees paid by the Class member listed on the face of the Proof of Claim and Release Form, the Settlement Claimant must submit their Proof of Claim and Release Form to the Settlement Administrator by mail or facsimile, along with a written explanation of any perceived error(s) in the amount of Disputed Fees paid by the Settlement Claimant. The Settlement Claimant may also submit copies of documents supporting the Settlement Claimant's belief that the Settlement Administrator did not accurately list the amount of Disputed Fees paid by the Settlement Claimant. Any Settlement Claimant who does not submit a written disagreement along with the mail or facsimile submission of their Proof of Claim and Release Form will be deemed to agree with the amount of Disputed Fees paid by the Settlement Claimant

listed on the face of the Proof of Claim and Release Form, and will be barred from disputing the amount of the distribution paid to them from the Net Common Settlement Fund.

Following receipt of a Proof of Claim and Release Form delivered in the manner approved in this Preliminary Approval Order that is missing any required information, the Settlement Administrator shall notify any Settlement Claimant(s) of the deficiency(ies) in the Proof of Claim and Release Form within ten (10) business days of receipt by the Settlement Administrator, after which time the Settlement Claimant(s) shall have until the end of the Claims Period or ten (10) business days, whichever is later, to cure the stated deficiency(ies).

Except as provided in the Stipulation, Defendants shall have no liability, obligation or responsibility for the administration of the settlement or distribution of the Net Common Settlement Fund.

The Court finds that neither the Lawsuit nor the Stipulation is subject to the notice provisions to federal and state officials set forth in the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715, insofar as the Lawsuit was filed before February 18, 2005.  *See In re MetLife Demutualization Litig.*, 262 F.R.D. 205, 207 (E.D.N.Y. 2009) ("CAFA provides that it applies only to actions commenced after the date of its enactment, February 18, 2005. *See* CAFA § 9; 28 U.S.C. §1332 note."); *Steinberg v. Nationwide Mut. Ins. Co.*, 418 F. Supp. 2d 215, 219 (E.D.N.Y. 2006) ("However, CAFA applies only to actions 'commenced on or after the date of enactment,' which means that it applies only to suits filed on or after February 18, 2005. Pub. L. 109-2, § 9.").

7. **<u>Right to Appear and Object</u>:** Any Class member who has not timely and properly provided notice of an election to be excluded from the Settlement in the manner set

forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no Class member who has elected to be excluded from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

  a. Any Class member objection must be filed with the Court, with a copy delivered to Class Counsel and Defense Counsel at the addresses set out in the Notice, no later than sixty (60) calendar days from the initial mailing of the Notice Package by the Settlement Administrator (the "Objection Deadline"). Class members may object either on their own or through an attorney hired at their own expense.

  b. If a Class member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense and the attorney must file a written notice of appearance with the Clerk of Court no later than the Objection Deadline, identifying by name and current residence address the Class member(s) on whose behalf he or she will appear. No Class member represented by an attorney shall be deemed to have objected to the Settlement Agreement unless an objection signed by the Class Member is also filed and served by the Objection Deadline.

  c. Any objection regarding or related to the Settlement shall contain a caption or title that identifies it as "Objection to Class Settlement in *McAnaney v. Astoria Fed. Sav. and Loan Ass'n*, E.D.N.Y. Case No. 04-cv-1101" and shall also contain the following information: (a) the objecting Class member(s)' full name, loan number for objector's

residential mortgage loan, cooperative loan, home equity loan or home equity line of credit, address, telephone number and the Class member's original signature; (b) if the objecting Class member chooses to appear at the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear; (c) a certification that the objecting party is a member of the Class; (d) a statement of each objection asserted; (e) a detailed description of the facts underlying each such objection; (f) a detailed description of the legal authorities, if any, supporting each such objection; (g) any exhibits and/or affidavits the objecting party may wish to offer in support of any objection or in opposition to the proposed Settlement; and (h) if the objecting Class member is being represented by an attorney or attorneys in connection with the objection, the signature of each of the objecting party's attorneys below a statement that "No other attorney has a financial interest, either directly or indirectly, in the representation of this objecting party."

No Class member shall be heard, no papers, briefs, or pleadings submitted by any such Class member shall be received and considered by the Court, and no testimony of witnesses offered by the Class member shall be allowed at the Fairness Hearing, unless the Clerk of the Court, Joseph S. Tusa of Whalen & Tusa, P.C. (as lead Class Counsel), 33 West 19th Street, 4th Floor, New York, NY 10011 and Alfred W.J. Marks of Day Pitney LLP (as Defense Counsel), 7 Times Square, Times Square Tower, New York, NY 10036, receive the Class member's written and signed objection postmarked no later than the Objection Deadline.

    d.    Class members who fail to submit objections in strict compliance with the foregoing procedures and by the established deadline shall be deemed to have waived all objections to the Stipulation and Settlement, shall be deemed to have consented to the exercise of

jurisdiction by the Court over all aspects of the Stipulation and the Settlement, and shall forever be barred from making any objections in the Lawsuit or in any other action or proceeding concerning the Stipulation, the Settlement, the Notice Package and means of distribution thereof, and/or Settlement process.

8. **Ability of Class Members to be Excluded from the Settlement.** Class members shall be bound by the proposed Settlement provided for in the Stipulation, and any and all determinations and judgments in the Lawsuit, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. All Class members who wish to opt out of or be excluded from the Settlement must do so by sending a written request for exclusion to the Settlement Administrator by first-class mail as outlined in the Notice Package, signed by the Class member, and providing all required information. To be considered timely, and thereby effectively exclude a person from the Class, the envelope delivering a completed opt out or exclusion request must be postmarked no later than sixty (60) calendar days from the initial mailing of the Notice Package by the Settlement Administrator (the "Exclusion Deadline"). At or prior to the Fairness Hearing, Class Counsel shall file an Affidavit or Declaration from the Settlement Administrator attaching a final list of all opt out or exclusion requests filed by the Exclusion Deadline.

Any Class member who does not properly and timely request exclusion from the Settlement by the Exclusion Deadline shall be included in the Class and, if the proposed Settlement is finally approved and becomes effective, shall be bound by all the terms and provisions of the Stipulation, including but not limited to the Releases set forth in Paragraphs 29, 30, 38, and 74 of the Stipulation, whether or not such Class member shall have objected to the

Settlement, and whether or not such Class member submits a Proof of Claim and Release Form to receive a payment from the Net Common Settlement Fund.

Class members requesting exclusion from the Class shall not be entitled to any payment out of the Net Common Settlement Fund as described in the Stipulation and the Notice.

9. **Administration of Settlement:** The Court approves Rust Consulting, Inc. to be the Settlement Administrator to administer the Settlement established by the Stipulation. The Settlement Administrator shall comply with all terms of this Preliminary Approval Order. Prior to the Fairness Hearing, the Settlement Administrator shall submit to the Court, or cause to be submitted to the Court by Class Counsel, a sworn statement attesting to compliance with this Preliminary Approval Order, the number of valid claims submitted by Class members and the number of requests for exclusion received from Class members. The Settlement Administrator shall retain all correspondence to, from or between Class members and Settlement Claimants, all Class member requests for exclusion, all Proof of Claim and Release Forms filed and/or denied and documents sufficient to show distributions to Settlement Claimants from the Net Common Settlement Fund and the manner in which such distributions were calculated or determined.

10. **Escrow Agent**. The Plaintiffs' and Defendants' proposed designation of Rust Consulting, Inc. to serve as the Escrow Agent for the Common Settlement Fund is hereby approved. The Court does not find there is any conflict of interest in the Escrow Agent serving simultaneously as the Settlement Administrator. However, should any conflict or potential conflict of interest arise concerning Rust Consulting, Inc.'s designation as the Escrow Agent and Settlement Administrator, the Court shall be notified of the conflict or potential conflict, and shall issue an appropriate order to remedy any such conflict or potential conflict.

11. **Escrow Agreement**. The proposed Escrow Agreement submitted by the Plaintiffs and Defendants, and annexed to the Stipulation as Exhibit 1, is hereby approved.

12. **Costs of Notice and Escrow Account**. Pursuant to the Paragraphs 41 and 57 of the Stipulation, the Court approves payment from the Common Settlement Fund held in the Escrow Account related to the preparation and/or distribution of the Notice approved by this Preliminary Approval Order, the costs and fees associated with the maintenance of the Escrow Account and the payment of federal and/or state tax obligations and related expenses. Plaintiffs and Defendants shall petition the Court for approval of other distributions from the Common Settlement Fund held in the Escrow Account.

13. **Settlement Website**: As soon as practicable after entry of this Preliminary Approval Order, but no later than the time that the Notice Package is mailed, the Settlement Administrator shall cause the establishment of a website, which website shall include a copy of the operative Complaint in the Lawsuit, the Court-approved Notice, the Proof of Claim and Release Form, the Stipulation, this Preliminary Approval Order, the Court's September 19, 2006 class certification decision and the Court's September 30, 2009 summary judgment decision. The Settlement Administrator shall also obtain and maintain a toll-free telephone number to address inquiries from Class members.

14. **Appearance by Class Member**. Any Class Member may enter an appearance in the Lawsuit, at his, her or its own expense, individually or through counsel of his, her or its own choice. Any Class member who does not enter an appearance will be represented by Class Counsel.

-12-

15. **No Discovery of Settlement Materials.** No discovery with regard to the proposed Settlement or the Stipulation shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery.

16. **Stay of Non-Settlement Proceedings.** All proceedings in the Lawsuit apart from those related to the Stipulation and the Settlement are hereby stayed through and including the Settlement Effective Date or ten (10) business days after the denial of Final Approval of the Settlement. During the pendency of the stay, the Plaintiffs, all Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts Released Claims against any of the Released Parties.

17. **Plaintiffs and Defendants Filings in Support of Settlement**: Any pleadings, affidavits or memoranda in support of the Settlement, Stipulation and/or Class Counsel's Fee and Expense Application shall be filed by the Plaintiffs and Defendants or their respective counsel with the Court no later than ten (10) business days prior to the Fairness Hearing.

18. **Termination of the Settlement**: If the Settlement is wholly terminated pursuant to the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order shall, except as otherwise provided in the Stipulation, be null and void, of no further force and effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each such party shall be restored to his, her or its respective position as it existed in the Lawsuit prior to July 30, 2010, except that Plaintiffs and the Class will be deemed to have served notice on the Class of the Court's decision and order certifying the Class pursuant to Fed. R. Civ. P.

23(c) and the requirements of due process, without the need to serve additional notice to the Class.

19.     **Jurisdiction**: The Court retains exclusive and ancillary jurisdiction over the Lawsuit to consider all further matters arising out of or connected with the Settlement.

Date: September 13, 2010

Joseph F. Bianco
United States District Judge