**DAY PITNEY** LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

ALFRED W. J. MARKS
Attorney at Law

7 Times Square, Times Square Tower
New York, NY 10036
T: (212) 297 2445 F: (718) 764 4350
awjmarks@daypitney.com

October 28, 2010

**VIA ECF AND OVERNIGHT MAIL**

The Honorable Joseph F. Bianco
United States District Court,
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:   *McAnaney v. Astoria Financial Corp.*, CV-04-1101 (JFB)(WDW)

Dear Judge Bianco:

     I write as counsel for Defendants in the referenced action, after having conferred with counsel for Plaintiffs and the certified Class. In connection with the parties' settlement of this class action, an issue has arisen between the parties concerning the distribution of the Notice of Class Action and Settlement (the "Notice") and the Proof of Claim and Release Form (the "Claim Form"). Currently, in accordance with the Court's order dated October 25, 2010, the Notice and Claim Form are required to be mailed by the settlement administrator, Rust Consulting, no later than Tuesday, November 2, 2010.

     Since entry of the Court's order granting preliminary approval of the parties' settlement (*see Docket No. 250)*, Defendants and Class counsel have complied with all deadlines for the production of class lists and additional Disputed Fee data among one another and Rust Consulting. Defendants produced Zero Balance Reports which (according to Rust Consulting) identify 201,725 persons who Defendants reasonably believe are potential members of the Class based on a diligent search of Defendants' files and records and the files and records of their loan servicer, DMI. Defendants' and/or DMI's records indicate that the persons listed on the Zero Balance Reports had Residential Loans that went to a zero balance during the Class Period. Class counsel has advised us that when Rust Consulting cross-matched the Zero Balance Reports with the myriad of Disputed Fee data that has been produced by Defendants during the course of this action, there are 42,850 loans for which there is no corresponding Disputed Fee data.

     While Defendants believe there are several reasons why there is no corresponding Disputed Fee data for certain loans that went to a zero balance, including that such fees may not

**DAY PITNEY** LLP

October 28, 2010
Page 2

have been paid, Defendants nevertheless request that Rust Consulting be directed to include this group of 42,850 loans when mailing out the Notice and Claim Form. Defendants further believe that the Notice and Claim Form should be modified to indicate that the recipient received the Notice and Claim Form because "Defendants reasonably believe based on their records and/or those of their loan servicer that you are a Class member who may have paid disputed fees during the Class Period." Class counsel does not agree with Defendants position.

The Claim Form, as already approved by the Court, will set forth the amount of Disputed Fees that a Class member paid based on the available records. In the case of those loans for which there is no corresponding Disputed Fee data, Defendants submit that the amounts listed on the Claim Form should be zero. The Claim Form already provides a dispute mechanism if the recipient does not agree with the amounts stated on the Claim Form. The Claim Form will specifically instruct:

> If you believe you paid Disputed Fees for Loan Number [loan number] in amounts different from those listed above, you *must* submit a written explanation with your Proof of Claim and Release Form and may also submit any supporting documents, such as a payoff letter or payoff statement from Defendants or [their loan servicer] DMI listing the Disputed Fees.

Defendants' counsel is available for a conference call with Class counsel and the Court should Your Honor wish to discuss the request made in this letter. Thank you in advance for your consideration.

Respectfully yours,

/s/ Alfred W.J. Marks

cc:   Counsel of Record via ECF