# WHALEN & TUSA, P.C.

*A New York Professional Corporation*
*Attorneys and Counselors at Law*

33 West 19th Street, 4th Floor
New York, NY  10011
Telephone: (212) 400-7100
Facsimile:  (212) 658-9685

November 8, 2010

<u>B**y** ECF F**iling and** F**irst** C**lass** M**ail**</u>

Honorable Joseph F. Bianco
United States District Court
100 Federal Plaza
Central Islip, NY  11722

     Re:  *McAnaney, et al. v. Astoria Financial, Inc., et al*.
        <u>Civil Action No. CV-04-1101 (JFB) (WDW)</u>

Dear Judge Bianco:

  I write as counsel for Plaintiffs and the certified Class in the referenced action.  On November 3, 2010, the Court held a telephone conference to address the class notice issue presented in the parties' letters filed on October 29, 2010.  During that hearing, the Court indicated it would direct the Notice Packet to be mailed only to those Class members whose Defendants' and its servicing agent's files were able to confirm paid one or more of the Disputed Fees.  Final decision was withheld, however, to give Defendants until November 5, 2010 to submit additional information or data related to the pending class notice issue.  Class Counsel is unaware of Defendants having chosen to submit additional information or data.

  During the November 3, 2010 hearing, the Court further directed Class Counsel to submit a revised schedule of deadlines concerning the class notice and settlement approval process and to provide the Court with the final drafts of the Notice of Class Action and Settlement and Proof of Claim Form (collectively the "Notice Packet").

<u>Revised Schedule</u>:

  During the November 3, 2010 hearing, the Court adjourned the Fairness Hearing from January 6, 2011 to January 25, 2011 at 9:30 a.m.  Assuming the Court enters an order today resolving the issues presented in the parties' October 29, 2010 letters, the revised schedule of class notice and approval deadlines originally set in the Court's Order granting preliminary approval to the parties' settlement (*Docket No. 250*) will be as follows:

WHALEN & TUSA, P.C.

| | |
|---|---|
| Deadline for Settlement Administrator to mail Notice Packet: | November 11, 2010 |
| Claims Deadline (60 days after initial mailing): | January 10, 2011 |
| Objection Deadline (60 days after initial mailing): | January 10, 2011 |
| Opt-Out Deadline (60 days after initial mailing): | January 10, 2011 |
| Final Approval Hearing: | January 25, 2011 |
| Submission by parties of papers in support of final approval (10 business days prior to Final Approval Hearing): | January 11, 2011 |

Pursuant to the Court's Order entered on November 1, 2010, the deadline for the Settlement Administrator to mail the Notice Packet is three business days from entry of an order resolving the pending class notice dispute, and could therefore change from the date listed above. The deadlines for the Class members to submit claims, exclusion requests and objections were set in the Order granting preliminary approval (*Docket No. 250*) to run 60 calendar days after initial mailing of the Notice Packet by the Settlement Administrator, and therefore could also change from dates listed above. The final, revised deadlines will be reflected in the Notice of Class Action and Settlement and Proof of Claim and Release Form and in the other forms of notice approved by the Court.

<u>Revised Notice of Class Action and Settlement and Proof of Claim and Release Form</u>

The Court's Order granting preliminary approval (*Docket No. 250*) approved the Notice of Class Action and Settlement and Proof of Claim and Release Form substantially in the forms submitted by the parties with their Stipulation and Agreement of Class Action Settlement. *See Docket No. 247-1, Exs. 3, 4.* As disclosed in the undersigned's letter of October 29, 2010, the parties have agreed to some non-material revisions and language additions to the Notice of Class Action and Settlement and Proof of Claim and Release Form intended to clarify or provide additional details concerning the notice and claims process. Most (but not all) of the revisions are contained in Sections 1 and 2 of the Proof of Claim and Release Form. As directed by the Court during the November 3, 2010 hearing, Class Counsel submits herewith the final drafts of the revised Notice of Class Action and Settlement and Proof of Claim and Release Form, as formatted by the Settlement Administrator, for the Court's review and further approval. If desired by the Court, Class Counsel will submit a more detailed explanation of the revisions and the reasons for the revisions.

Respectfully yours,

/s/ Joseph S. Tusa

cc:   Counsel of Record (By ECF Filing)

*WHALEN & TUSA, P.C.*

# ATTACHMENTS

1) **Revised Notice of Class Action and Settlement; and**

2) **Revised Proof of Claim and Release Form**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID McANANEY, CAROLYN McANANEY, JOHN REILLY, CONSTANCE REILLY, PHILIP RUSSO, CYNTHIA RUSSO and GEOFFREY HORN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>ASTORIA FINANCIAL CORPORATION, ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, ASTORIA FEDERAL MORTGAGE CORPORATION, LONG ISLAND BANCORP, INC. and LONG ISLAND SAVINGS BANK, FSB,<br><br>　　　　　　　　　　　Defendants. | Civil Action No. CV-04-1101<br><br>Hon. Joseph F. Bianco, USDJ<br>Hon. William D. Wall, USMJ |

## NOTICE OF CLASS ACTION AND SETTLEMENT

**IF YOU REPAID A RESIDENTIAL (NOT COMMERCIAL) MORTGAGE LOAN, COOPERATIVE LOAN, HOME EQUITY LOAN OR HOME EQUITY LINE OF CREDIT TO ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION, ASTORIA FEDERAL MORTGAGE CORPORATION OR LONG ISLAND SAVINGS BANK, FSB, ANYTIME BETWEEN MARCH 16, 1998 AND JULY 30, 2010, PLEASE READ THIS NOTICE CAREFULLY, AS IT DESCRIBES A CLASS ACTION SETTLEMENT THAT MAY AFFECT YOUR RIGHTS.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

### What is the Lawsuit About?

In this class action (the "Lawsuit"), Plaintiffs, individually and on behalf of the Class (as defined below) allege that Defendants improperly demanded and collected certain fees (the "Disputed Fees") from borrowers who repaid residential (but not commercial) mortgage loans, cooperative loans, home equity loans or home equity lines of credit, when the Disputed Fees were either prohibited by contract or state or federal laws.  The Disputed Fees consist of the following fees listed on payoff letters or payoff statements sent by Defendants or on Defendants' behalf by their loan servicer, Dovenmuehle Mortgage, Inc. ("DMI"): 1) Atty Doc Prep Fee a/k/a Satisfaction Fee; 2) Facsimile Fee a/k/a Fax / Fed Ex Fee; 3) Recording Fee a/k/a County Clerk Fee; 4) UCC-3 Termination Fee; and 5) Legal Attendance Fee a/k/a Legal Fee paid directly to any of the Defendants.  It is not alleged that borrowers were required by Defendants to pay each of the Disputed Fees.  In 2006, the Court certified the Lawsuit as a class action.

Defendants have denied and continue to deny any and all allegations of wrongdoing, liability or unlawful conduct whatsoever in the Third Amended Class Action Complaint filed in the Lawsuit.  In 2009, defendants Astoria Financial Corporation ("AFC") and Long Island Bancorp, Inc. ("LIB") were dismissed by the Court from the Lawsuit.  In 1998, defendant Long Island Savings Bank, FSB merged with and into defendant Astoria Federal Savings and Loan Association and thereafter ceased to separately exist.

After more than six years of litigation, and before the Court ultimately decided this case in favor of Plaintiffs or Defendants, on July 30, 2010, Plaintiffs and Defendants agreed to a settlement (the "Settlement") to resolve this class action.  The terms of the Settlement are contained in a Stipulation and Agreement of Class Action Settlement (the "Stipulation"), which is available for review at www.AstoriaFederalClassSettlement.com.  The

Plaintiffs and Class Counsel think the Settlement is fair and reasonable for all Class members. Members of the Class that paid any Disputed Fee to any Defendant between March 16, 1998 and July 30, 2010 (the "Class Period"), and who do not request to be timely excluded from the Settlement, are entitled to submit a claim to be eligible to receive a cash payment as described herein.

## Who is Included in the Class?

On September 19, 2006, the Court certified the Lawsuit as a class action and certified the following class (the "Class") of past and current residential borrowers of Defendants:

> All consumers or borrowers in the United States who had or currently have a mortgage or residential loan originated or purchased by any of the defendants and who wrongfully paid or will be demanded to pay closing fees, satisfaction fees, discharge fees, prepayment fees (or penalties), refinance fees (or penalties), attorney document preparation fees, facsimile fees, recording fees and any other fees, charges, false debts or finance charges in contravention of their mortgage or loan contracts or applicable laws.

The Court's decision and order certified Plaintiffs as representatives for the Class and their counsel, Whalen & Tusa, P.C. and Law Offices of G. Oliver Koppell & Associates, as counsel for the Class ("Class Counsel").

## What are the Terms of the Settlement?

In exchange for the Settlement and dismissal of the Lawsuit, Defendants have agreed to pay and create a common settlement fund of $7,850,000.00 (the "Common Settlement Fund"), which will be used, after payment of settlement administration costs, court-approved incentive awards to the Plaintiffs, and payment of attorneys' fees and expenses to Class Counsel, to make payments to Class members who paid any Disputed Fees during the Class Period and who timely complete and submit a valid Proof of Claim and Release Form (the "Claim Form"). In addition, at various points during the course of the Lawsuit, Defendants or their servicing agent, DMI, stopped collecting some of the Disputed Fees and corrected a software error that caused the Atty Doc Prep Fee a/k/a Satisfaction Fee to be mistakenly imposed on certain Class members. To address allegations that Defendants collect Recording Fees a/k/a County Clerk Fees to file lien releases that are also collected by title insurers or their agents, Defendants have agreed to remind certain title insurers of Defendants' Recording Fee a/k/a County Clerk Fee collection policies.

Unless you exclude yourself from this Settlement by December 31, 2010, you will remain a member of the Class and if the Settlement is finally approved by the Court you will release your claims in the Lawsuit against Defendants, which means you cannot sue, continue to sue, or be part of any lawsuit against the Defendants or the "Released Parties" about the "Released Claims," including "Unknown Claims" as those terms are defined in the Claim Form enclosed with this Notice and in the Stipulation. If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you. The "Releases" are set forth in Paragraphs 29, 30, 38, 74 of the Stipulation, available for review at www.AstoriaFederalClassSettlement.com and in the accompanying Claim Form.

## Why Did I Receive This Notice?

You received this Notice because Defendants reasonably believe based on their records and/or those of their loan servicer that you are a Class member who paid Disputed Fees during the Class Period.

## How Will Payments to Each Class Member from the Common Settlement Fund be Calculated?

All Class member claims will be paid from the Common Settlement Fund based on the Total Disputed Fees Paid (as listed in the Claim Form) by all Class members who timely submit a valid Claim Form (**after** distributions from

the Common Settlement Fund approved by the Court (the "Net Common Settlement Fund")).  If sufficient funds remain in the Net Common Settlement Fund, Class members who timely submit a valid Claim Form will receive 100% of their Total Disputed Fees Paid.  If insufficient funds remain in the Net Common Settlement Fund to pay 100% of Class member claims, all timely and valid Class member claims will be reduced in equal percentages until the total claims paid equals the Net Common Settlement Fund.  The Court may, without further notice to the Class, modify the plan of allocation, which modification will not affect the validity or finality of the proposed Settlement.

### How Can a Class Member Make a Claim Under the Terms of the Settlement?

To receive a payment under the Settlement, a Class member *must* make a claim to the Settlement Administrator in *any* of the following three ways: 1) by completing, certifying and mailing the Claim Form included with this Notice to the Settlement Administrator at Astoria Federal Class Settlement, c/o Rust Consulting, Inc., P.O. Box 2387, Faribault, MN 55021-9087; 2) by completing, certifying and sending by facsimile the Claim Form included with this Notice to the Settlement Administrator at (800) 441-7025; or 3) by completing, certifying and electronically submitting the Claim Form to the website maintained by the Settlement Administrator for this Settlement, www.AstoriaFederalClassSettlement.com.  Please submit only **one** Claim Form for each Loan Number.  **TO BE VALID, ALL CLAIMS MUST BE POSTMARKED OR SUBMITTED TO THE SETTLEMENT ADMINISTRATOR NO LATER THAN DECEMBER 31, 2010.**

### Can I Exclude Myself From the Settlement?

Yes.  If you are a member of the Class, you may request exclusion by mailing a letter requesting to be "excluded" from the Settlement to the Settlement Administrator at Astoria Federal Class Settlement, c/o Rust Consulting, Inc., P.O. Box 2387, Faribault, MN 55021-9087.  If you exclude yourself, you will keep any right you may have to sue or continue to sue the Defendants and the other Released Parties about the Released Claims, and you will not be eligible to a refund or payment of any Disputed Fees under the Settlement.  **TO BE VALID, ALL EXCLUSION REQUESTS MUST BE POSTMARKED NO LATER THAN DECEMBER 31, 2010.**

### Can I Object to the Settlement or Class Counsel's Request for Attorneys' Fees and Expenses?

Yes.  If you are a member of the Class and do not request exclusion, you or your attorney on your behalf and at your own expense, may object to the Settlement or Class Counsel's request for attorneys' fees and expenses.  Such objection must be in writing and shall contain a caption or title that identifies it as "Objection to Class Settlement in *McAnaney v. Astoria Federal Savings and Loan Ass'n*, EDNY Civil Action No. 04-cv-1101" and shall also contain information sufficient to identify the objecting Class member and their residential mortgage, cooperative, home equity or home equity line of credit loan number, as well as a clear and concise statement of the Class member's objection, the facts supporting the objection, and the legal grounds on which the objection is based.  If an objecting party chooses to appear at the Fairness Hearing (as defined and discussed more fully below), then a notice of intention to appear, either in person or through an attorney, at the objector's own expense, must be filed with the Court and list the name, address and telephone number of the attorney, if any, who will appear.  **TO BE VALID, ALL OBJECTIONS AND NOTICES TO APPEAR AT THE FAIRNESS HEARING MUST BE POSTMARKED NO LATER THAN DECEMBER 31, 2010 AND MAILED TO THE COURT AND THE FOLLOWING ATTORNEYS:**

| To the Court: | To Class Counsel: | To Defendants' Counsel: |
|---|---|---|
| Clerk of Court | Joseph S. Tusa | Alfred W.J. Marks |
| U.S. District Court for the | WHALEN & TUSA, P.C. | DAY PITNEY LLP |
| Eastern District of New York | 33 West 19th Street, 4th Floor | 7 Times Square |
| 100 Federal Plaza | New York, NY  10011 | Times Square Tower |
| Central Islip, NY  11722 | | New York, NY  10036 |

## What if I Do Nothing?

If you do nothing, you will not receive any payment from the Common Settlement Fund.  If the Court finally approves the Settlement, you will be precluded from starting a lawsuit, continuing a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties about the Released Claims, including the Unknown Claims, ever again.

## Who Represents the Class?

Class Counsel represent Plaintiffs and were certified by the Court as counsel for the Class.  Class members have the right to hire their own lawyers, at their own expense, although there is no obligation to do so, and Class Counsel will represent all members of the Class in the Lawsuit who do not object or retain their own lawyer.

## How Will Class Counsel Be Paid?

Class Counsel have not been paid for representing Plaintiffs and the Class during the Lawsuit.  Class Counsel will make an application to the Court for the payment of attorneys' fees not to exceed 30% of the value of the Settlement, which Class Counsel believes is valued in excess of twelve million dollars ($12,000,000.00), but in an amount not to exceed four million dollars ($4,000,000.00).  Class Counsel will also request the reimbursement of unpaid expenses incurred during the Lawsuit.

## When will the Court Hold a Hearing to Consider the Settlement and Related Issues?

The Honorable Joseph F. Bianco, a District Judge in the United States District Court for the Eastern District of New York (the "Court"), will hold a hearing (the "Fairness Hearing") at the federal courthouse located at 100 Federal Plaza, Central Islip, NY 11722 on January 6, 2011 to consider whether to approve the Settlement, Class Counsel's application for attorneys' fees and the reimbursement of expenses, the application for incentive awards to Plaintiffs, Class member objections, and other matters related to the Settlement.  You or your lawyer, at your own expense, may appear at the Fairness Hearing **but do not have to do so**.  If you filed a timely objection, the Court will consider it whether or not you attend the Fairness Hearing in person.  Any changes to the date or time of the Fairness Hearing will be posted on the Settlement website, www.AstoriaFederalClassSettlement.com, but will not be the subject of additional notice by mail.

## How Can a Class Member Obtain More Information?

Class members can ask questions, complete a Claim Form and review documents concerning the Lawsuit at www.AstoriaFederalClassSettlement.com, by calling the Settlement Administrator toll-free at (877) 895-9274, or by writing the Settlement Administrator at Astoria Federal Class Settlement, c/o Rust Consulting, Inc., P.O. Box 2387, Faribault, MN 55021-9087.

**PLEASE DO NOT CONTACT THE COURT OR CLERK'S OFFICE REGARDING THIS NOTICE.**

BY ORDER OF THE COURT

**Must be postmarked, faxed or submitted by website filing by December 31, 2010**

OFFICIAL USE ONLY

# PROOF OF CLAIM AND RELEASE FORM

McAnaney, et al. v. Astoria Financial Corp., et al.
EDNY Civil Action No. 04-cv-1101

## CLAIMANT ID NUMBER: <<123456789>>

POSTAGE_PRESORT_INFORMATION
<<NAME1>>
<<NAME2>>
<<NAME 3>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY>> <<STATE>> <<ZIPCODE>>

☐ Defendants' records and/or those of their loan servicer, Dovenmuehle Mortgage, Inc. ("DMI") identified your name and last known mailing address as shown on the left. If your name or current mailing address has changed, please check the box and print your current name and/or address below.

_____
_____
_____

If you satisfied a residential (not commercial) mortgage loan, cooperative loan, home equity loan or home equity line of credit with any of the Defendants during the period March 16, 1998 through July 30, 2010 and paid any of the Disputed Fees listed below, you are a member of a "Class" described in the accompanying Notice of Class Action and Settlement (the "Notice") and are entitled to share in the Common Settlement Fund created by Defendants to settle the Lawsuit in accordance with the terms of the Stipulation and Agreement of Class Action Settlement dated July 30, 2010 (the "Stipulation").

If you are a Class member, you must complete and submit this Proof of Claim and Release Form by any of the methods set forth below in order to be eligible to receive any settlement funds. Your failure to submit your claim by December 31, 2010 will subject your claim to rejection and preclude your receiving any settlement funds.

### SECTION 1. LOAN NUMBER AND DISPUTED FEES PAID:

Defendants reasonably believe based on their records and/or those of their loan servicer that in connection with your satisfaction of Loan Number **<<LOAN_NUM>>**, you paid Disputed Fees (except for Class members who repaid Home Equity Lines of Credit between March 16, 1998 and December 31, 2000, which Disputed Fees are estimates) during the Class Period in the following amounts:

| | |
|---|---|
| Atty Doc Prep Fee a/k/a Satisfaction Fee Paid: | $ <<PREP_FEE_PAID>> |
| Facsimile Fee a/k/a Fax / Fed Ex Fee Paid: | $ <<FACSIMILE_FEE_PAID>> |
| Recording Fee a/k/a County Clerk Fee Paid: | $ <<RECORDING_FEE_PAID>> |
| UCC-3 Termination Fee Paid (for co-op borrowers only): | $ <<TERM_FEE_PAID>> |
| Legal Attendance Fee a/k/a Legal Fee (for co-op borrowers only): | $ <<LEGAL_FEE_PAID>> |
| **Total Disputed Fees Paid:** | **$ <<TOTAL_PAID>>** |

*The **Total Disputed Fees Paid** listed above will be used by the Settlement Administrator to calculate payments from the Common Settlement Fund for all Class members who timely submit a valid Proof of Claim and Release Form. If you believe you paid Disputed Fees for Loan Number **<<LOAN_NUM>>** in amounts different from those listed above, you **must** submit a written explanation with your Proof of Claim and Release Form and may also submit any supporting documents, such as a payoff letter or payoff statement from Defendants or DMI listing the Disputed Fees. The Settlement Administrator and Class Counsel will make any adjustments to the Total Disputed Fees Paid. If you do not submit a written explanation disagreeing with the **Total Disputed Fees Paid** listed above, you will not be allowed to later claim you paid Disputed Fees in different amounts.

☐ Check this box **only if** you fully repaid a Home Equity Line of Credit to any of the Defendants during the time March 16, 1998 through September 30, 2000. If you checked this box, your recovery under this Settlement will be based upon payment of an **Atty Doc Prep Fee a/k/a Satisfaction Fee assumed to be $60.00** and payment of a **Recording Fee a/k/a County Clerk Fee assumed to be $50.00**, unless you provide documents to the Settlement Administrator with your completed claim form showing payments of these fees or other Disputed Fees in other amounts.

☐ Check this box **only if** you fully repaid a Home Equity Line of Credit to any of the Defendants during the time October 1, 2000 through December 31, 2000. If you checked this box, your recovery under this Settlement will be based upon payment of an **Atty Doc Prep Fee a/k/a Satisfaction Fee assumed to be $100.00** and payment of a **Recording Fee a/k/a County Clerk Fee assumed to be $50.00**, unless you provide documents to the Settlement Administrator with your completed claim form showing payments of these fees or other Disputed Fees in other amounts.




### SECTION 2.  SUBMISSION OF CLAIM BY CLASS MEMBER AND ACKNOWLEDGMENT OF RELEASE:

By completing and submitting this Proof of Claim and Release Form, you represent and certify:  (i) that you believe in good faith that you are a Class member as defined in the Notice, or are acting as the approved legal representative for such Class member; that you as a Class member or as the approved legal representative for such Class member elect to participate in the proposed Settlement described in the Notice; and that you as a Class member or as the approved legal representative for such Class member have not filed a request for exclusion from this Settlement; (ii) that you, and any Class member for whom you are the approved legal representative, consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form; (iii) that Class members or their approved legal representatives may only submit one Proof of Claim and Release Form for each Loan Number; and (iv) that your signature on this Proof of Claim and Release Form will constitute a full and complete release, by you and your heirs, executors, administrators, predecessors, successors and assigns of each of the "Released Parties" of all "Released Claims," including "Unknown Claims," as defined below and in the Stipulation.  If you are acting as the approved legal representative for a Class member, your signature on this Proof of Claim and Release Form constitutes a full and complete release by the Class member on whose behalf you are acting and his/her heirs, executors, administrators, predecessors, successors and assigns of each of the "Released Parties" of all "Released Claims," including "Unknown Claims," as defined below and in the Stipulation.

If you are acting in a representative capacity on behalf of a Class member (for example, as an executor, administrator, trustee or other representative), you must submit evidence of your current authority to act on behalf of that Class member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

* The terms "Released Claims," "Released Parties" and "Unknown Claims" are defined in Paragraphs 29, 30 and 38 of the Stipulation, and are set forth in full at the end of this form.

Signature of Class member or Legal Representative

Signature: _____    Date: _____

Signature: _____    Date: _____

### SECTION 3. HOW TO SUBMIT THIS PROOF OF CLAIM AND RELEASE FORM:

You must submit this Proof of Claim and Release Form by any of the following methods:

1) by completing, certifying and mailing this Proof of Claim and Release Form to the Settlement Administrator at:

    Astoria Federal Class Settlement
    c/o Rust Consulting, Inc.
    P.O. Box 2387
    Faribault, MN 55021-9087;

2) by completing, certifying and sending by facsimile this Proof of Claim and Release Form to the Settlement Administrator at (800) 441-7025; or

3) by electronically completing, certifying and submitting this Proof of Claim and Release Form on the website maintained by the Settlement Administrator for this Settlement at www.AstoriaFederalClassSettlement.com.

For Class member claims to be deemed valid and accepted, this Proof of Claim and Release Form must be postmarked or electronically submitted no later than the last day of the Claims Period, December 31, 2010.   Claims not submitted to the Settlement Administrator in the manner described above may be denied resulting in the Class member not receiving any settlement funds.  **Please submit only one Proof of Claim and Release Form for each Loan Number.**

**********************************

The complete terms of Plaintiffs' and the Defendants' Settlement of the Lawsuit are set forth in the Stipulation, which is available for review, along with other documents related to the Lawsuit, at www.AstoriaFederalClassSettlement.com.  Among other terms and definitions, the following terms are defined in the Stipulation:

"Released Claims" means any and all claims, debts, demands, rights, causes of action or liabilities whatsoever arising prior to the Settlement Effective Date (including, but not limited to, claims for any and all losses, damages, unjust enrichment, interest, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, related in any way to the Disputed Fees and/or based upon or arising out of the allegations, transactions, facts, matters or occurrences, representations or omissions, involved, set forth, or referred to in any of the complaints filed in the Lawsuit or that are related directly or indirectly in any way to the subject matter of the Lawsuit (except for claims to enforce the Settlement), including both known or Unknown Claims, that have been or could have been asserted in the Lawsuit or any forum by any or all of the Plaintiffs or any member of the Class, either directly, representatively or derivatively, against any or all of the Released Parties.

"Unknown Claims" means any and all Released Claims which any Plaintiff or member of the Class does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims, upon the Settlement Effective Date, the Plaintiffs shall expressly waive, and all other members of the Class shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

"Released Parties" shall mean the Defendants and their respective past or present parents (including but not limited to Astoria Financial Corporation and Long Island Bancorp, Inc.), subsidiaries, affiliates, predecessors, successors and assigns, officers, directors, shareholders, general or limited partners, members, agents, loan servicers, vendors, attorneys, employees, advisors, accountants, auditors, representatives, or the legal representatives, heirs, administrators, successors in interest or assigns of any of them.

**YOU MAY DIRECT QUESTIONS ABOUT THIS PROOF OF CLAIM AND RELEASE FORM TO THE SETTLEMENT ADMINISTRATOR AT WWW.ASTORIAFEDERALCLASSSETTLEMENT.COM OR BY TELEPHONE BY CALLING (877) 895-9274.**

